**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| ALEXSANDRA IRAOLA ) | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Civil Action No. 1:15-cv-11061 |
|  | ) |  |
| ENHANCED RECOVERY | ) |  |
| COMPANY, LLC | ) |  |
| Defendant, | ) |  |
|  | ) |  |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.    INTRODUCTION**

1. This is an action for actual and statutory damages brought by plaintiff Alexsandra Iraola an individual consumer, against Defendant's violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; by this Defendant and its agents in their illegal efforts to try to collect an alleged debt from Plaintiff.

1

## II.     JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

3.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Since Defendant transacts business here, personal jurisdiction is established.

## III.    PARTIES

4.  Plaintiff, <u>Alexsandra Iraola</u> is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in <u>Essex County</u>, in the state of <u>Massachusetts</u>.

5.  Defendant, <u>Enhanced Recovery Company, LLC</u> is a collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in <u>Duval County,</u> in the state of <u>Florida</u>.

6.  Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendant is engaged in the collection of

debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.   FACTUAL ALLEGATIONS

8. Sometime before March 20, 2015, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

9. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

10. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

11. Defendant then, within one year prior to the filing of this complaint, began contacting Plaintiff, prior to March 20, 2015; seeking and demanding payment for an alleged consumer debt owed under an account number.

12. Within one year prior to the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect on an alleged debt that she had already resolve in full.  Plaintiff called Defendant on January 19, 2015, to alert it to the fact that she had already paid off the alleged debt with a previous collection agency that the creditor had hired.  Defendant ignored Plaintiff's comments, continued to assert that she owed the alleged debt, and continued to report negatively on her credit report as though the alleged debt was still valid and unpaid in its attempts to collect on Plaintiff's alleged debt.  Again, Plaintiff had already let Defendant know that this debt had been resolved completely, and those comments and the information that she had taken the time to provide to Defendant were ignored by Defendant.  The call between Plaintiff and Defendant in which Defendant continued to unfairly assert that the debt was valid, was a  "communication", as defined by 15 U.S.C. § 1692a(2), and Defendant's conduct was in violation of the FDCPA, including but not limited to 15 U.S.C. §§1692d, §1692e, §1692e(10), and §1692f.

      V.      **CAUSES OF ACTION**

**CLAIM FOR RELIEF
AND SUPPORTING FACTUAL ALLEGATIONS**

13. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, with respect to Plaintiff.

15. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

16. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

A. Actual damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, in amounts to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Punitive damages.

D. Costs and reasonable attorney fees from Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

E. For such other and further relief as the Court may deem just and proper.

Dated:   March 20, 2015                           RESPECTFULLY SUBMITTED,
                                                  By: /s/ Kevin Crick
                                                  Kevin Crick, Esq.
                                                  BBO:  680950
                                                  Consumer Rights Law Firm, PLLC
                                                  133 Main St., Second Floor
                                                  North Andover, Massachusetts 01845
                                                  Phone: (978) 420-4747
                                                  Fax: (978) 409-1486
                                                  kevinc@consumerlawfirmcenter.com
                                                  **Attorney for Plaintiff Alexsandra Iraola**

## DEMAND FOR JURY TRIAL

Please take notice that plaintiff Alexsandra Iraola demands trial by jury in this action on all issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.